UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20356-CR-WILLIAMS/MCALILEY

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TRAVON GRIFFIN and
DARIUS STAPLETON,

       Defendants.

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on July 1, 2021, a hearing was held to determine whether defendants **TRAVON GRIFFIN** and **DARIUS STAPLETON** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that the defendants, **TRAVON GRIFFIN** and **DARIUS STAPLETON**, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendants are charged by indictment, in the Southern District of Florida, with Hobbs Act robbery in violation of Title 18, United States Code, Section 1951(a) and

brandishing a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). Therefore, the defendants are charged with a crime of violence for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Title 18, United States Code, Section 3142(e)(3)(B).

2. The weight of the evidence against the defendants is substantial. The government has proffered that on November 28, 2020, TRAVON GRIFFIN and DARIUS STAPLETON (collectively, "defendants") and a third person participated in the robbery of a convenience store. Defendant GRIFFIN carried a firearm and acted as a look out while defendant STAPLETON and the third individual demanded cash from the store clerk. Defendant STAPLETON threatened the clerk with a firearm and when the clerk did not comply with defendant STAPLETON's demands, defendant STAPLETON pushed the clerk and kicked the clerk when the clerk fell to the ground. The robbery was captured on the store video surveillance system.

Law enforcement officers obtained cell phone records for the defendants which showed text messages and social media messages discussing plans to commit a robbery on November 28, 2020. Posts on social media showed the defendants wearing similar clothes to the ones worn during the robbery and posing with firearms.

Defendant STAPLETON admitted to participating in the robbery. Law enforcement officers recovered from defendant STAPLETON's residence and vehicle clothes similar to the ones worn by defendant STAPLETON during the robbery.

3. The pertinent history and characteristics of defendant GRIFFIN support pretrial detention. Defendant GRIFFIN was born on November 1, 1996 in Miami, Florida. Defendant GRIFFIN has been arrested 23 times in 11 years. In 2016, Defendant GRIFFIN was arrested for carrying a concealed firearm and in 2020, he was arrested for attempted felony murder, attempted robbery with a firearm and possession of a firearm by a convicted felon. Title 18, United States Code, Section 3142(g)(3)(A).

4. The pertinent history and characteristics of defendant STAPLETON support pretrial detention. Defendant STAPLETON was born on February 2, 1997 in Miami, Florida. Defendant STAPLETON's criminal record shows that he has been arrested 13 times in nine years, including arrests for burglary, grand theft of a firearm, possession of a firearm or ammunition by a delinquent, battery and violation of probation. Title 18, United States Code, Section 3142(g)(3)(A).

5. The Court specifically finds, based on the violent nature of the instant offense, including the use of a firearm and defendant STAPLETON pushing and kicking the victim, and the defendants' criminal histories, that there are no conditions or combination of conditions which reasonably will assure the safety of any other person and the community. The Court finds that if released on bond, the defendants would likely continue to engage in unlawful conduct. Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that the defendants present a danger to other persons and the community.

The Court hereby directs:

(a) That the defendants be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendants be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendants are confined deliver the defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **1st** day of July, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE